FILED

2016 Aug-17  AM 09:38
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| **LAQUINTE LOUIS, an individual,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No.: 2:16-CV-1019-VEH** |
| ) | |
| **VICTORY POLICE** ) | |
| **MOTORCYCLES, LLC and** ) | |
| **POLARIS INDUSTRIES, INC.,** ) | |
| ) | |
| **Defendants.** ) | |

---

## <u>MEMORANDUM OPINION AND ORDER</u>

On June 23, 2016, Defendant removed this case from the state court where it
was filed. (Doc. 1). That removal occurred within 30 days of Defendant being
served. At the time of removal, Victory Police Motorcycles, LLC had not been
served. Removal was based upon 23 U.S.C. § 1332(a)(2), that is, complete diversity
of citizenship in an action whose amount in controversy exceeds $75,000 exclusive
of interests and costs.

The underlying complaint is silent, as is permitted under Alabama pleading
rules, as to any amount demanded. Defendant, pointed out, however, in its Notice of
Removal, that the Plaintiff has brought a product liability action seeking recovery
of both punitive and compensatory damages based on "physical injury that is severe

in nature, physical pain and mental anguish, including diminished enjoyment of life, as well as the need for medical treatment, monitoring and/or medications" and that the complaint alleges that those compensatory damages arise from "permanent, disfiguring, disabling injuries; future pain and suffering; loss of earning capacity; and "loss of enjoyment of ordinary and normal life."

On July 22, 2016, Plaintiff filed a Motion To Remand. (Doc. 4). The Remand Motion is predicated exclusively upon the premise that "the amount in controversy, as alleged, does not exceed $75,000 exclusive of interests and costs."

In response, Defendant sought permission to take limited discovery on the issues relating to the amount in controversy. (See Discovery Motion, doc. 6). The Magistrate Judge to whom this case was then assigned denied that motion. (See Order, doc. 7).

Defendant then filed a Response in Opposition to the Motion To Remand (Opposition, doc. 8) and a Motion for Reconsideration of the order denying the Motion for Discovery. (Reconsideration Motion, doc. 9).

Three days later, on August 8, 2016, this action was reassigned to the undersigned pursuant to this district's customary practices in civil actions where the parties do not consent to full jurisdiction of a magistrate judge. (Notice of Reassignment, doc. 10).

Any reply by Plaintiff to the Remand Motion was due no later than August

2

12, 2016. No reply was filed.

Any opposition by Plaintiff to the Reconsideration Motion was due by August 15, 2016. No opposition was filed.

Accordingly, the Remand Motion and the Reconsideration Motion are both under submission.

Attached to Defendant's Opposition to the Remand Motion is the Declaration of E. Berton Spence ("Mr. Spence"). (Doc. 8-1 at 2-3). That Declaration sets out , under penalty of perjury, certain actions between Mr. Spence (who is counsel for Defendant) and counsel for Plaintiff. Attached to the Declaration are two exhibits. In particular, Exhibit A is an email containing the medical records and bills of the Plaintiff with regard to the injury at issue in this case. Those medical bills show that the listed medical providers had, as of March 16, 2016, provided medical services to Plaintiff for which they had billed, in total, $152,690.33 and for which they had received payments totaling $100,440.22.

In light of Plaintiff's failure to dispute the accuracy of these medical records and bills or that they pertain to the injury at issue in this case, the court finds that the Defendant has adequately proven federal subject matter jurisdiction exists in this case. Specifically, it has shown by a preponderance of the evidence that the amount in controversy between it and Plaintiff was over $75,000 (exclusive of interest and costs) at the time of removal.

Accordingly, the Remand Motion is hereby **DENIED**. In light of this denial, the Reconsideration Motion is hereby **TERMED** as **MOOT**.

**DONE** and **ORDERED** this the 17th day of August, 2016.

**VIRGINIA EMERSON HOPKINS**
United States District Judge

4